IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

[2] HÉCTOR MIRANDA-ROJAS,

Defendant.

CRIMINAL NO.  12-256 (SCC)(HRV)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending before the Court is defendant Héctor Miranda-Rojas' (hereinafter "Mr. Miranda-Rojas") motion for reduction of sentence (compassionate release) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Docket No. 510).  The matter has been referred to me for report and recommendation.  For the reasons outlined below, I recommend that the motion be DENIED.

*Background*

On May 13, 2015, Mr. Miranda-Rojas pleaded guilty to Count One of the Indictment which charged him and others with a conspiracy to import into the United States from a place outside thereof, five (5) kilograms or more of cocaine in violation of 21 U.S.C. §§ 952 and 953. (Docket Nos. 254, 256).  The Court sentenced Miranda-Rojas on August 11, 2015, to a 192-month term of imprisonment. (Docket Nos. 270, 271).

On December 4, 2020, Mr. Miranda-Rojas filed his original motion for compassionate release. (Docket No. 436). The motion was based on the risks associated with the COVID-19 pandemic. The matter was referred to United States Magistrate Judge Bruce J. McGiverin (Docket No. 477), who after holding a hearing (Docket Nos. 488, 495), recommended that the motion for compassionate release be denied. (Docket No. 489). Over Miranda-Rojas' objections, the recommendation was adopted by the then presiding district judge. (Docket No. 501). Mr. Miranda-Rojas appealed (Docket No. 504) and the First Circuit affirmed. (Docket No. 508).

Mr. Miranda-Rojas filed his new motion for compassionate release, the one currently pending before the Court, on June 20, 2023. (Docket No. 510). The United Sates has not opposed this new motion.

A search of the Bureau of Prison's ("BOP") inmate locator revealed that Mr. Miranda-Rojas is currently under the residential re-entry program (RRM), commonly known as halfway house, with an expected release date of March 16, 2025. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited May 16, 2024).

### *Applicable Law and Discussion*

The crux of Mr. Miranda-Rojas' argument is that the enactment of the Sentencing Commission's amended policy statement regarding compassionate release motions (U.S.S.G. § 1B1.13) has changed the legal landscape on which his original motion was decided. He claims that the amended policy statement expanded the criteria for what can qualify as extraordinary and compelling reasons and it clearly gives the court "more discretion to determine when a sentencing reduction is warranted." (Docket No. 510 at 4). Miranda-Rojas also argues that in characterizing him as a danger to society in ruling

2

on his first motion, the Court ignored that other similarly situated defendants, and defendants with more serious criminal conduct and records, have been granted sentencing reductions.[1] The defendant highlights his rehabilitative efforts while in prison as well as his father's deteriorating health as additional reasons why his sentence should be reduced.  It is interesting that Miranda-Rojas contends that the amended policy statement of the Sentencing Commission is what opens the door for a new look at his circumstances after the Court denied compassionate release while at the same time framing his argument under the pre-amended policy statement rubric of cases like *United States v. Ruvalcaba* and *United States v. Trenkler, infra*.   In sum, Miranda-Rojas asserts that the has established extraordinary and compelling reasons warranting release and that he is not a danger to the community.

      The so-called compassionate release statute allows a court acting on a defendant-filed motion—as long as such reduction is consistent "with applicable policy statements issued by the Sentencing Commission"—to

> reduce the term of imprisonment (and... impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . .

---

[1] The only concrete examples cited are the cases of Alexander Capo-Carrillo who received a reduction of his sentence under retroactive amendment 782, Criminal No. 03-081 (GAG)), and Carlos Pagan-San Miguel, who was granted compassionate release by stipulation of the parties. Criminal No. 91-170 (PAD). The circumstances of these cases are distinguishable both procedurally and substantively.

18 U.S.C. § 3582(c)(1)(A)(i). This statute is one of the very few exceptions to the rule that once imposed, a term of imprisonment shall not be modified. *United States v. Saccoccia*, 10 F.4th 1, 3 (1st Cir. 2021).

A defendant seeking compassionate release must establish three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) that relief is appropriate under the circumstances of the case after considering the applicable 18 U.S.C. § 3553(a) factors. *See United States v. Quiros-Morales*, 83 F.4th 79, 84 (1st Cir. 2023).

With respect to the first prong—whether the reasons advanced by the defendant are extraordinary and compelling—the determination is "guided by the plain meaning of those terms." *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021). "The plain meaning of 'extraordinary' suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree . . . . By the same token, the plain meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing." *Id.* (citations omitted).

Prior to November 1, 2023, and because the Sentencing Commission had not issued an amended policy statement applicable to prisoner-initiated compassionate release motions, the First Circuit held that district courts had discretion to "consider any complex of circumstances raised by a defendant, as forming an extraordinary and compelling reason warranting relief." *United States v. Ruvalcaba*, 26 F.4th 14, 28 (1st Cir. 2022). Subsequently, in *United States v. Trenkler*, 47 F.4th 42, 47-48 (1st Cir. 2022), it was clarified that pursuant to the holding in *Ruvalcaba*, district courts "may conduct

4

a holistic review to determine whether the individualized circumstances [of the defendant], taken in the aggregate, present an 'extraordinary and compelling' reason to grant compassionate release," including alleged sentencing errors.

It is imperative to note that the Sentencing Commission's policy statement regarding defendant-filed motions for compassionate release is now in effect. *See* U.S.S.G. § 1B1.13 (Nov. 1, 2023). Consequently, the court "must take heed of" the policy statement as noted in *United States v. Rivera-Rodriguez*, 75 F.4th 1, 18 n.22 (1st Cir. 2023), and consider its scope in deciding what constitutes an extraordinary and compelling reason. *United States v. Quiros-Morales*, 83 F.4th at 84.

In the policy statement, the Sentencing Commission has identified six circumstances that individually or in combination may provide extraordinary and compelling reasons for a reduction in sentence. U.S.S.G. § 1B1.13(b). These are: certain medical circumstances such as a terminal illness or inability to receive medical care while incarcerated, *id.*, § 1B1.13(b)(1); the defendant's age, *id.* § 1B1.13(b)(2); the defendant's family circumstances, *id.* § 1B1.13(b)(3); the defendant having been the victim of sexual or physical abuse by or at the direction of a correctional officer, *id.* § 1B1.13(b)(4); a catch-all provision of any other reason or combination of reasons similar in gravity to those described in (1) through (4), *id.* § 1B.13(b)(5); and if the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6).

Relevantly, with respect to medical circumstances, the policy statement provides in pertinent part that extraordinary and compelling reasons exist when:

    (B) The defendant is—

    (i)    suffering from a serious physical or medical condition,

> \*\*\*\*
> that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13(b)(1)(B)(i). As to family circumstances, extraordinary and compelling reasons exist, for instance, when the parent of the defendant is incapacitated and "the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

After careful consideration, I find that Mr. Miranda-Rojas has failed to establish the existence of extraordinary and compelling reasons to warrant a reduction of his sentence in this, his second attempt. As the record reflects, the defendant already contracted and recovered from COVID-19. What Judge McGiverin characterized as a close call with respect Miranda-Rojas' experiencing the effects of long COVID and the inability of Fort Dix to meet his medical needs (Docket No. 489 at 13), is no longer an issue since he has been released from the prison setting and is currently in the residential reentry component. *See United States v. Little*, No. 4:19CR276, 2022 WL 4017466; 2022 U.S. Dist. LEXIS 159586 at \*7 (N.D. Ohio Sept. 2, 2022)("The defendant's move to the Residential Reentry program itself also significantly diminishes, any extraordinary and compelling reason for release."). Following his custody change, Miranda-Rojas has not supplemented his motion to assert that his current medical conditions still represent a risk to his health or that they substantially diminish his ability to provide self-care. *United States v. Neal*, No. 17-cr-00300-DAD-BAM, 2024 WL 1886476, 2024 U.S. Dist. LEXIS 79129 at \*8-9 (E.D. Cal. Apr. 30, 2024)(arguments about the COVID-related

circumstances rendered moot when defendant was transferred to the RRM and he did not file supplemental briefing.)

It should also be noted that "[w]hile COVID-19 is still a threat, the conditions that exist today are nothing like the extreme measures that were necessary at the beginning of the pandemic." *United States v. Fabian*, Cr. No. 21-00054-MSM-LDA, 2023 WL 8449453, 2023 U.S. Dist. LEXIS 216856, at *5 (D.R.I. Dec. 6, 2023); *see also United States v. Doe*, Cr. No. 18-10360-MLW, 2023 U.S. Dist. LEXIS 105316, at *2-3 (D. Mass. June 16, 2023)("The COVID-19 pandemic was extraordinary[;][h]owever, it no longer constitutes the emergency that it once did.")  Correctional facilities have developed procedures to ameliorate the risk of infection, vaccines are readily available, and transmission within the prison population is relatively low.[2]  *See United States v. Berrios-Cruz*, Criminal No. 12-0162 (GMM), 2023 WL 4838152, 2023 U.S. Dist. LEXIS 131366, at *9 (D.P.R. July 28, 2023)(noting that as pandemic conditions evolved, factors that satisfied the extraordinary and compelling standard at the beginning of it, were less likely to satisfy the standard today, particularly with the widespread availability of vaccines.).  So, even if Miranda-Rojas was still housed in a traditional prison setting, for the reasons noted, he would have failed to establish extraordinary and compelling reasons with respect to his COVID-19 claim.

---

[2] Statistics from the BOP show the majority of the facilities at zero (0) cases.  The facility with the highest number of open COVID-19 cases is at 6, out of a prison population of 1,025 inmates. *See* BOP Statistics: Inmate COVID-19 (last visited April 16, 2024).

I also must reject Miranda-Rojas' family circumstance claim because he does not sufficiently develop the same.  He states the medical circumstances of his father but does not proffer anything that would allow the Court to conclude that he is the only available caregiver as required by U.S.S.G. § 1B1.13(b)(3)(C). *United States v. Mackenzie*, 458 F. Supp. 3d 53, 55 (D. Mass. 2020)(no extraordinary and compelling reasons existed because there was no indication that defendant was the only available caretaker of his grandson); *see also United States v. Taveras*, No. 19—cr-40049-MGR-5, ___ F. Supp. 3d ___, 2024 WL 1606013, 2024 U.S. Dist. LEXIS 67198 at *13-14 (D. Mass Apr. 12, 2024).

Finally, assuming *arguendo* the existence of extraordinary and compelling reasons, I find that a reduction of Mr. Miranda-Rojas' sentence would still be inconsistent with the § 3553(a) factors and that he continues to be a danger to the community for essentially the same reasons determined by Judge McGiverin and upheld by the First Circuit.  The offense of conviction was extremely serious and he has a troubling criminal record.  Thus, the seriousness of the offense, the need to provide just punishment, the need to protect the public, and the need to promote respect for the law weigh heavily against a reduction of sentence in this case. *See United States v. Martinez*, No. 2:18-cr-00089-JAW, 2023 WL 3305674, 2023 U.S. Dist. LEXIS 79444 at *29 (D. Me. May 8, 2023).  The argument that other "similarly situated" or worse defendants were granted reductions of sentence is a nonstarter because the two cases cited are not adequate comparators.

### *Conclusion*

In view of the above, I recommend that the defendant's motion for compassionate release at Docket No. 510 be DENIED.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**

In San Juan, Puerto Rico this 16th day of May, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE
