**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>Hector Miranda-Rojas (2),<br><br>**Defendant** | **Criminal No. 12-256 (SCC)** |

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>
<u>**Re: Amendment 821**</u>

The below report and recommendation relates to an initial determination as to the defendant's eligibility for a sentencing reduction promulgated by the United States Sentencing Commission under Part A and Part B, Subpart 1 of Amendment 821 to Policy Statement § 1B1.10(d).

After careful review of the defendant's presentence report, charging document(s), plea agreement, plea supplement, judgment, and statement of reasons, I recommend that:

☒ **The defendant is <u>not</u> eligible for a sentence reduction based on the following factor(s):**

  ☒ A. The guidelines range that applied in the defendant's case was not determined by U.S.S.G. § 4A1.1(d) or defendant's status as a zero-point offender under Chapter 4, Part A.

  ☐ B. The defendant does not meet <u>all</u> of conditions specified by § 4C1.1. Specifically, one or more of the following criteria applies:

    ☐ 1) the defendant has criminal history points from Chapter Four, Part A;

    ☐ 2) the defendant received an adjustment under U.S.S.G. § 3A1.4 (Terrorism);

    ☐ 3) the defendant used violence or credible threats of violence in connection with the offense;

☐ 4) the offense resulted in death or serious bodily injury;

☐ 5) the offense of conviction was a sex offense;

☐ 6) the defendant personally caused substantial financial hardship;

☐ 7) the defendant possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm or other dangerous weapon (or induced another participant to do so) in connection with the offense;

☐ 8) the offense of conviction was covered by U.S.S.G. § 2H1.1 (Offenses Involving Individual Rights); or

☐ 9) the defendant received an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense).

☐ 10) the defendant received an adjustment under § 3B1.1 (Aggravating Role) and/or was engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

☐ C. The application of Amendment 821 Part A and Part B, subpart 1 does not have the effect of lowering the defendant's applicable guideline range. *See* § 1B1.10(a)(2)(B).

☐ D. The defendant was originally sentenced to a term of imprisonment that is less than or equal to the minimum of the guideline range as amended by Amendment 821 Part A and Part B, subpart 1, and no exception for substantial assistance applies. *See* § 1B1.10(b)(2)(A).

☐ E. The defendant was sentenced to a statutorily mandated minimum imprisonment term. The defendant did not comply with the safety valve provisions and did not receive a reduction of his or her imprisonment term based on a departure for substantial assistance or a Rule 35 motion subsequent to the original sentence. *See* § 1B1.10(c).

3

Since a determination of ineligibility has been made, the matter is formally submitted to the presiding District Court Judge. Defense counsel, whether retained, appointed, or *pro bono*, has fourteen days to object to the initial assessment of ineligibility. After the fourteen day period, and in the absence of an objection by defense counsel, the presiding District Court Judge may adopt the recommendation of the Magistrate Judge and may rule on the motion for reduction of sentence.

☐ **The defendant <u>may be</u> eligible for a sentence reduction and therefore the matter is referred to a United States District Judge.**

The presiding judicial officer shall wait for the parties' stipulation of a sentence reduction within fourteen days. If no stipulation is reached within this period, the presiding judicial officer shall wait for the United States Probation Office, defense counsel, and the Government's memoranda, which shall be filed within another fourteen days.

**Reasons:**

Amendment 821 does not apply to Miranda-Rojas because he is not a zero-point offender, nor did he receive criminal status points for committing the offense while under a criminal justice sentence. As such, he is not eligible for a sentence reduction.

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 26th of June, 2024.

s/Bruce J. McGiverin

UNITED STATES MAGISTRATE JUDGE